The State of Missouri, to the use of Steinberger, v. Schulein et al.

45 521
72a 422

The State of Missouri, to the use of Leopold Steinberger, Appellant, v. Jacob Schulein *et al.*, Respondents.

1. *Fraudulent conveyances — Purchase of goods procured upon credit by the vendor from a third party, upon fraudulent representations made by the vendee, effect of.*—Where the creditor of a firm in failing circumstances made such false representations to a third party as to induce him to sell goods to the debtor upon credit, and the original creditor afterwards obtained these goods in payment of his pre-existing debts, *held,* that although a clear case of liability in a direct action thus arises against him, he is not, therefore, incapacitated to purchase the goods.

2. *Fraudulent conveyances — Stock in trade — Change of possession.*—When the original merchants are employed as clerks after the sale, there should be such marks of change that customers would be advised that the store had a new proprietor. ( *Claflin v. Rosenberg,* 42 Mo. 439, affirmed.)

*Appeal from St. Louis Circuit Court.*

*H. A. Haeussler,* for appellant.

The fourth instruction for respondent is fatal in stating that it must be such a change of possession or control of the property as to indicate or show to persons or purchasers at large that the vendees, Waterman & Bruckheimer, were no longer in possession or control of the goods, and that such visible and exclusive pos-

session commenced at the time of sale, or within a reasonable time thereafter; whereas all the law requires is some open, notorious, or visible act, as would impart notice to a prudent man (42 Mo. 450), or persons that were accustomed to deal with the store, that a change had taken place. The instruction was entirely too broad, and misled the jury in saying "persons or purchasers at large;" this would include everybody that had never before dealt with the parties. There is nothing in the Rosenberg case (42 Mo. 439) which seemed, at trial, to be the main reference of the court in the giving and refusing of instructions to warrant the court in refusing this instruction. (42 Mo. 444; 43 Mo. 593.)

*Krum, Decker & Krum,* for respondents.

I. The instructions given to the jury, taken all in all, fairly put the issues involved to the jury. The issues were: fraud in fact, of which the purchaser had notice, and fraud in law.

II. The statute declares that every sale of goods made with the intent either to hinder or delay or defraud any creditors, shall be void as to such creditors. Although a valuable consideration be proved, yet if one of the motives of the seller is to hinder or delay or defraud any creditor, this intent avoids the sale where the purchaser had knowledge of such intent. (Potter v. McDowell, 31 Mo. 62; Potter v. Stevens, 40 Mo. 229.)

III. *Nemo ex proprio dolo consequitur actionem* (Broom's Leg. Max. 266 *et seq.*) is applicable to the case made in this instruction, which is supported by the evidence. It is a fraud in morals and in law to allow Steinberger to acquire a title to the goods which were obtained by his own fraud, and to permit the very claim, the concealment of which constituted the fraud, to be now set up as the lawful valuable consideration, against the very party who, by his concealment, parted with these same goods. (Viele v. Goss, 49 Barb. 96; Bean v. Wills, 28 Barb. 467; Brown v. Montgomery, 20 N. Y. 387; Bennett v. Judson, 21 N. Y. 238.)

IV. The instructions upon this point are strictly in conformity with the law and the repeated decisions of this and other courts upon similar statutes. (Claflin v. Rosenberg, *supra;* Lesem

v. Hereford, 44 Mo. 323.) This court has held that there must be a substantial change of possession; that a concurrent possession with the vendor is colorable; that there must be an exclusive possession of the goods; that the vendee's possession can not be formal or temporary, but must be open, notorious, and unequivocal; that there must be a complete change of dominion and control over the goods, and not a joint or concurrent possession. That such real, open, exclusive possession did not exist here, is admitted by plaintiff himself.

Bliss, Judge, delivered the opinion of the court.

Schulein, Sulsbacher and Hyman obtained judgment against Waterman & Bruckheimer, and levied upon certain goods as their property. Steinberger, for whose use this suit is brought, notified the sheriff that he claimed the goods, whereupon defendants executed a bond under the statute. The goods were sold and the bond returned with the execution, and suit is brought upon it. Waterman & Bruckheimer, the execution defendants, were merchants of St. Louis, and, shortly before the judgment was rendered, sold, or pretended to sell, their stocks of goods, both in this St. Louis store and in one in Rocheport, to said Steinberger in payment of a large indebtedness owing him for money loaned. The defendants claim that the sale was fraudulent, first, because they were induced to give said Waterman & Bruckheimer the credit upon the false representations of Steinberger as to their solvency; second, because the sale was made to defraud creditors, and also because it was not accompanied by a change of possession.

Judgment was rendered for the defendants; and I find an instruction given at their instance that will not bear scrutiny, which was, in substance, that if Waterman & Bruckheimer, being then indebted to Steinberger, obtained their credit of Schulein & Co. through the false and fraudulent representations of said Steinberger, and afterwards he obtained the goods bought upon such credit in payment of their said debt to him, and if the property sold under the execution was the same or part of the same so bought by Steinberger, the jury should find for defendants.

The evidence is quite clear that Steinberger introduced Water-

man to Schulein & Co. in New York, and represented his firm to be good, when he knew they were in failing circumstances—when they owed him over $12,000, and only lived by his sufferance—and that they obtained the credit on the strength of this recom·mendation. A clear case is thus made of liability in a direct action against him. But does it follow that upon that ground he is incapacitated to purchase the goods? I imagine the person who drew the instruction had more in his mind than is embraced in it. He might have supposed from the evidence that the jury would believe that the recommendation to Schulein & Co., and the purchase by Waterman & Bruckheimer, were but parts of one conspiracy to enable the latter to obtain the property for the purpose of paying their debt to Steinberger, and he might have intended to cover that ground. But the instruction does not go so far, and I know of no case that would sustain it.

I see no substantial error in the other instructions, though some of them are a little questionable in relation to a change of possession. That subject is fully and clearly considered in Claflin v. Rosenberg, 42 Mo. 439, and the meaning of the statute can hardly be misunderstood. When the original merchants are employed as clerks after the sale, there should be such marks of change that customers would be advised that the store had a new proprietor.

For the error of the instruction spoken of, the judgment must be reversed and the case remanded for a new trial. The other judges concur.